# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3274

_____

Michelle MacDonald Shimota; Thomas G. Shimota

*Plaintiffs - Appellants*

v.

Bob Wegner; Christopher Melton; Timothy Gonder; Jon Napper; Daniel Fluegel; Fluegel Law Firm, P.A.; Dakota County; John Does 1-10; Jane Does 1-10

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 17, 2018
Filed: March 4, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Michelle MacDonald Shimota ("Michelle") and Thomas G. Shimota ("Thomas") brought suit against Dakota County; individual employees of Dakota County; and former Dakota County prosecutor Daniel Fluegel and his law firm, Fluegel Law Firm, P.A., asserting a variety of constitutional and state-law claims. The

lawsuit arises from Michelle's arrest and detention in Dakota County in September 2013.

Michelle, an attorney, appeared in a Dakota County Judicial Center courtroom to represent a client in a child custody hearing before Minnesota District Judge David Knutson. During a recess, Michelle used her digital camera to photograph Deputy Timothy Gonder inside the courtroom. After advising Michelle she could not take photographs in the courtroom, Deputy Gonder confiscated the camera and gave it to his superior, Sergeant Christopher Melton. Sergeant Melton informed Judge Knutson and requested permission to search Michelle's camera. Judge Knutson authorized the search, and Sergeant Melton and Deputy Gonder viewed the contents of Michelle's camera. They observed the picture Michelle had taken of Deputy Gonder. Sergeant Melton then provided Michelle with a copy of Rule 4.01 of the Minnesota General Rules of Practice. Rule 4.01 prohibits taking pictures in any courtroom except for official court record. Sergeant Melton reported to Judge Knutson that Michelle was guilty of contempt of court under Minnesota Statute § 588.20 and that she would receive a ticket for the misdemeanor offense.

During another recess, Sergeant Melton requested that Michelle accompany him so that he could issue her ticket, but Michelle declined to do so. As a result, Sergeant Melton told Michelle she was under arrest. Sergeant Melton and Deputy Gonder escorted Michelle to a holding area. Sergeant Melton advised Michelle several times that he would release Michelle after she gave him her full name, birth date, and address. Michelle refused. Michelle had to surrender her personal property, and Deputy Jon Napper photographed and inventoried it. Michelle was handcuffed and placed in a holding cell. Thereafter, the courtroom clerk requested that Michelle return to the courtroom to continue the child custody trial. When court resumed, Sergeant Melton again advised Michelle he would issue her a citation and release her as soon as she provided her full legal name, birth date, and address. She again

declined. After court, Sergeant Melton transported Michelle to the jail to be booked for contempt of court and obstructing legal process.

At the jail, Michelle refused to respond to booking or medical screening questions. Consequently, the jail staff placed her in a negative-pressure room—a single-occupant cell containing a ventilation system that generates negative pressure to permit air flow into the room but not out of the room. The next day, Michelle was released from custody, having spent less than 26 hours in the jail.

Michelle filed suit, bringing 22 claims against the defendants. She alleged violations of her rights under the First, Fourth, and Fourteenth Amendments and various state-law claims. The district court[1] granted the defendants' motion to dismiss nearly all of Michelle's claims. Specifically, the district court dismissed Michelle's false arrest, false imprisonment, malicious prosecution, and retaliatory prosecution claims because the officers "had at least arguable probable cause" to arrest Michelle for taking Deputy Gonder's photograph in the courtroom. *Shimota v. Wegner*, No. 0:15-cv-01590, 2016 WL 1254240, at *5 (D. Minn. Mar. 29, 2016). The court also dismissed Michelle's excessive force claim and state-law assault and battery claims. These claims pertained to Michelle's removal from the courtroom, removal of her personal effects, and placement in a wheelchair. *Id.* at *7–8. Additionally, the court dismissed Michelle's equal protection claim, *id.* at *9; federal conspiracy claim, *id.* at *10; *Monell*[2] claim, *id.* at *11; state-law claims for negligent and intentional inflictions of emotional distress, *id.* at *12; and Thomas's loss-of-consortium claim, *id.* at *13. The court also noted that while Michelle's complaint was devoid of a delayed-release due process claim, Michelle had discussed such claim in a responsive pleading. As a result, the court found "that even if [Michelle] has pleaded such a

---

[1]The Honorable John R. Tunheim, Chief Judge, United States District Court for the District of Minnesota.

[2]*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

claim, it fails" because it does not satisfy the shock-the-conscience standard. *Id.* at *8 n.14.

The district court later granted the defendants' motion for summary judgment on Michelle's Fourteenth Amendment conditions-of-confinement claim, Fourth Amendment claim based on the search of Michelle's camera, and theft and unlawful taking claim. *See Shimota v. Wegner*, No. 0:15-cv-01590, 2017 WL 4083145 (D. Minn. Sept. 14, 2017). First, the court concluded that the Shimotas "faile[d] to provide record evidence calling into question Defendants' asserted legitimate reasons for [Michelle's] confinement conditions." *Id.* at *4. Second, the court concluded that "it was not clearly established in September 2013 that a warrant was required to search [Michelle's] camera incident to her arrest"; therefore, the court "grant[ed] Defendants' summary judgment motion on [Michelle's] Fourth Amendment claim based on qualified immunity." *Id.* at *5. Finally, construing Michelle's theft and unlawful taking claim as a civil theft claim under Minnesota law, the district court determined that Michelle failed to provide "evidence that anyone took her pendant with the intent to use or keep it." *Id.* at *6. As a result, the court concluded that "based on the undisputed evidence, [Michelle] has not established that any of the individual defendants seized or possessed the pendant or acted with wrongful intent to support a civil theft claim." *Id.*

Michelle appeals the district court's dismissal order and summary-judgment order. Having carefully reviewed the district court's opinions, we find no basis to reverse the court's orders. *See* 8th Cir. R. 47B. Applying de novo review to the district court's grant of the defendants' motion to dismiss and "taking all facts alleged in the complaint as true," *see Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016) (standard of review), we conclude that the district court properly dismissed the Shimotas' claims. After careful de novo review, construing the record in the light most favorable to the Shimotas and drawing all reasonable inferences in their favor, *see Cullor v. Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016) (standard of review), we

also agree with the district court's grant of summary judgment on the conditions-of-confinement claim, search claim, and civil theft claim.

Accordingly, the judgment is affirmed. *See* 8th Cir. R. 47B.

_____